Bissell, P. J.
This somewhat extraordinory litigation would, but for one or two considerations, present some very difficult and intricate questions. These matters have been argued by counsel, and are treated by them as of vital consequence. It must not be imagined because we refuse to discuss them that we fail to recognize their force or importance, or dispute their -controlling significance under other conditions. Two findings of fact, which the trial court incorporated in its decree, control the decision, and determine the plaintiff’s right, or rather his want of right. Under these circumstances, we must be excused from entering on an argument to demonstrate that the errors assigned are not well taken, or from examining the various questions of law suggested by the respective counsel other than those based upon the matters to which we shall refer. In the winter of 1895 and 1896, Hartsock brought suit against The Gold Gravel Mining Com *50 pany before a justice of the peace in El Paso county and ultimately had judgment. ■ The validity of his judgment has been very much questioned by the appellees and intervener, because of the service of the writ by which the corporation was brought into court. This matter will be undisposed of, because it presents matters which might be of great difficulty if we were compelled to consider them. We do not regard them as controlling. Subsequently, a transcript of this judgment of the justice of the peace was filed in the proper office in the county, whereby, if at all, it became a lien on the property of The Gold Gravel Mining Company, and under this transcript an execution was issued, which was levied on sundry mining claims situated in the county. On the 13th of April, this property was sold by the sheriff under the execution issued on that judgment, and the execution plaintiff became the purchaser. The six months allowed the judgment defendant for redemption elapsed, and thereafter The John Wright Hardware Company brought suit against the corporation, and ultimately got judgment. After this company obtained its judgment, and properly filed its papers, it proceeded to exercise the statutory right of redemption from the Hartsock judgment. To this end it paid the money to the sheriff, who took it as on a redemption. At this time T. C. Early was the attorney for Hartsock, having been employed to collect the debt, and, acting under his authority as Hartsock’s attorney, went to the sheriff, and took the money whereby, if the proper steps had been taken, the redemption was effected. It appeared from Hartsock’s testimony in the present case that Early had never been discharged, and was at this time in his employ, and that, under an arrangement between Hartsock and the attorney he had an interest in the judgment to the extent of one third of the recovery. It may, therefore, be said he not only acted as the attorney for the plaintiff, but on his own behalf, when he took the money from the sheriff, and consented to the redemption. After this was done, Hartsock discharged Early, and employed other counsel, and brought this suit, which *51 had several objects. The plaintiff attacked the hardware company’s judgment, alleged it to be invalid, and sought a decree to vacate it, and likewise, to compel the sheriff to execute a deed to the property which he had bought at the sale. At the outset, we may say we are quite of the opinion that the complaint did not state a cause of action to this end. It is full of legal statements or legal conclusions, on which, perhaps, to predicate the introduction of proof tending to show the invalidity of The John Wright Hardware Company’s judgment. It fails, however, to state any facts which tend to show, or which, if proven, would tend to show, the irregularities on which the plaintiff must have relied to vacate or set aside that judgment, or declare it void, if the right ever inured to him. We do not propose, however, to support this opinion by an argument, since the judgment can be much more satisfactorily and easily rested on other matters. This avoids all necessity to discuss the question as to what is a direct, and what is a collateral, attack on a judgment, and whether Hartsock had a right to have the judgment set aside, or whether the proof warranted its vacation. This relieves us of a very troublesome question. 'While the suit was pending, and before judgment, The Gold Garden Mining Company intervened, and asserted a title to the mining claims. The title which the intervener set up by proper averments and allegations was acquired by that corporation prior to the time Hartsock’s judgment was filed in the proper office, before it became a lien, or before he had any execution issued thereon or thereunder. The Gold Garden Mining Company averred that it had bought the claims for a valuable consideration, duly paid, prior to the time Hartsock’s rights were acquired, if he ever got any. The case went to trial, and evidence was introduced on all these various questions, some of which have been suggested, and some of which have been stated. After the trial, the court found as a matter of fact that The John Wright Hardware Company’s judgment was a valid judgment, regularly taken, and that none of the allegations of the plaintiff’s com *52 plaint with reference to it were true. It likewise found that the redemption was properly made in due time, and that the money was taken by the plaintiff’s attorney, who had authority to act. Some of these matters are not directly found as matters of fact, or stated in the decree, but the court found, as' a matter of fact, that none of the allegations of the complaint was sustained by the testimony, and that all the averments of the cross complaint were sustained by proof. The court found, as a distinct and specific matter of fact, that The Gold Garden Mining Company, a legal and existing corporation, was the purchaser in good faith, for a valuable consideration, of the property in dispute prior to the time that Hartsock issued his execution, acquired a lien, or the sale was made.
These findings of fact, as it seems to us, dispose of the appeal, and end the claims of the appellant with reference to this property. If we concede that his judgment was legal and regular, and that the sale was lawfully made, when once it is admitted, that The John Wright Hardware Company obtained a legal judgment and proceeded to redeem, and then further find that, after it paid the money to the sheriff for the purpose of redemption, the plaintiff’s attorney took it, whereby he was concluded and the redemption completed under the statute, Hartsock undoubtedly thereby lost his right to maintain a bill to compel the sheriff to execute a deed. The receipt of the money by the plaintiff estops him to question the legality of the redemption, orto insist upon a transfer by the sheriff. We do not believe that, though he afterwards paid the money into the clerk’s office for the purpose of preserving his rights, he thereby reacquired the right to the deed. When the hardware company, on a legal judgment, paid the money in to redeem, and the plaintiff’s attorney took it, having the right to take it, the plaintiff was thereby concluded, and he could not subsequently question the regularity of the proceeding, nor, by paying the money into the clerk’s office, could he reinvest himself with the *53 title or right which was devested by the payment and acceptance of the money.
Whether this be or be not true, we are quite of the opinion that Hartsock, by becoming the successful bidder at the sale, acquired no title to the property which he can enforce against The Gold Garden Mining Company. There is no necessity to discuss the question respecting the force and effect of a judicial sale which is ultimately declared to be void, or of the title which the purchaser obtains when he bids at such a sale. Whatever may be the rule respecting the title which passes to a bona fide purchaser at a judicial sale when the execution runs against the owner of the property and in favor of the plaintiff therein, it will not be seriously insisted that the judgment plaintiff can have his execution levied on the property of a third person, and by becoming the bidder acquire a title as against the true owner. If A has a judgment against B, whereon he issues an execution, and levies it on the property of C, and becomes a bidder at the sale, it can hardly be said that he occupies the position of a bona fide purchaser, or that he can devest the title by judicial sale under the judgment which he holds, and the execution he has issued against B and B’s property. The judgment is against the wrong party, and runs against the wrong party’s property. It is only where the execution runs against the property of the judgment debtor, whose title is attempted to be devested by the process, that the question respecting the rights of a bona fide purchaser can ever arise. As the cases put it, the process is the only authority of the officer to sell, and, where it runs against B and his property, it cannot be executed by levy on, and sale of, C’s land. This matter has been the subject of considerable adjudication, but it is only necessary to refer to one general text book on the subject, — Borer, Jud. Sales, §§879,923, et seq. We therefore conclude that, since the execution on Hartsock’s judgment ran against The Gold Gravel Mining Company and its property, Hartsock could not, nor could the sheriff, levy the writ on property belonging to The Gold Garden Mining Company and by a sale under the writ give to Hartsock a title *54 as a bona fide purchaser, which he can assert as against the real owner of the property. Hor do we believe that, under these circumstances, he has any right to go into equity, and compel the execution by the sheriff of a deed, and thereby cast a cloud upon the title of The Gold Garden Mining Company. We are equally clear that, under the findings of the court, a,redemption was effected, and, if Hartsock ever had a right to compel a deed to be executed, he lost it when his attorney took the money from the sheriff after it had been paid to him under the judgment of The John Wright Hardware Company. We regard both these matters, or either one of them, as entirety conclusive of Hartsock’s rights, and the decree entered herein is entirety right, and must be affirmed.

Affirmed.